IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**THOMAS DAVID DEEGAN,**

       **Petitioner/Plaintiff,**

v.                                               Case No. 2:15-cv-13638

**STATE OF WEST VIRGINIA,** *et al.,*
**MAGISTRATE ROBIN WATERS,**
**and KEVIN WILLIAMS, West Virginia State Trooper,**

       **Respondents/Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Robin Waters' Motion to Dismiss (ECF No. 17) and Thomas David Deegan's Motion for a Default Judgment and to Dismiss With Prejudice All Claims Against Robin Waters and Kevin Williams (ECF No. 19).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter stems from very convoluted filings by or on behalf of the petitioner/plaintiff, Thomas David Deegan ("Deegan"). On October 2, 2015, the Clerk's Office received a collection of documents signed by Dana J. Miller on Deegan's behalf titled "Federal Writ of Habeas Corpus @ Title 28 USC Part VI, Chapter 153 SS 2241-2256 **COMPLAINT**," with three exhibits, including a "Memorandum of Law in Support of West Virginia Writ of Habeas Corpus Submitted under Article 4 @ 53-4A-1" (Ex. A), a "Memorandum of Law in support of Federal Writ of Habeas

Corpus Submitted under Title 28 USC Part VI, Chapter 153, §§ 2241-2256 [FRCP Rule 81]" (Ex. B) and a copy of the "Expatriation Act," approved July 27, 1868 (Ex. C). The Clerk docketed this collection of documents as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (ECF No. 1). At the time he filed these documents, the petitioner was incarcerated at the North Central Regional Jail ("SCRJ"), in Greenwood, West Virginia, which is located within the jurisdiction of the United States District Court for the Northern District of West Virginia.[2]

Deegan alleges that he was arrested on or about September 23, 2015 and incarcerated at the North Central Regional Jail (hereinafter "NCRJ"), without being taken before a state court judge for a "meaningful hearing" and that "he is being held in limbo at the NCRJ." (*Id.*, ¶¶ 4-6). Deegan further alleges that he received no explanation of the nature or cause of action against him prior to his incarceration and that no assistance of counsel was afforded to him. (*Id.*, ¶¶ 7-9).

Deegan's petition/complaint documents assert that he has no other remedy or redress of grievance except through a federal writ of habeas corpus. (*Id.* at 2, ¶ 13). He further asserts that his rights are being violated "in foreign territories (West Virginia)" by state officials in violation of the "Expatriation Act of 1868" and that he "will be petitioning the President of the United States

---

[1] The petition was docketed as a section 2241 petition because that is the appropriate statutory provision for consideration of a petition for a writ of habeas corpus by a pre-trial detainee challenging his pre-trial confinement. *See Lucas v. Francis*, 2015WL 9899362, *4 (S.D. W. Va. Dec, 28, 2015) (citing *Davis v. South Carolina*, 2008 WL 154126, *3 (D.S.C. Jan. 14, 2008); *see also Blankenship v. West Virginia*, 2016 WL 3247884, *2 (N.D. W. Va. May 20, 2016).

[2] A section 2241 habeas corpus petition is properly filed in the court with jurisdiction over the petitioner's custodian, who at that time was the Administrator of the North Central Regional Jail. Accordingly, this court could have transferred this matter to the United States District Court for the Northern District of West Virginia. However, because it is apparent from the face of the petition, that the petitioner is not presently entitled to any relief from a federal court, any such transfer would be futile and a waste of judicial resources. Accordingly, dismissal by this court is more appropriate. Moreover, to the extent that Deegan has attempted to allege civil rights claims against Robin Waters and Kevin Williams, such claims are appropriately brought in this court, as both of those proposed defendants purportedly reside herein and/or a substantial portion of the events giving rise to the claims occurred herein (as Deegan was being prosecuted in Wood County).

through the Provost Marshal, to invoke the U.S. Military to adjudicate the above stated issues." (*Id.*, ¶¶ 15, 21 and Ex. C). Deegan further claims that his civil and constitutional rights are being violated by state officials, and he seeks redress under 42 U.S.C. §§ 1983, 1985, 1986 and 1987. (*Id.*, ¶¶ 17-20). Such relief is normally and most appropriately sought in a civil complaint, which is separate from a writ of habeas corpus.[3] Deegan submitted summonses to the Clerk for "Magistrate Robin Williams," whom he listed as a Kanawha County Magistrate, and "Kevin Williams" whose summons listed him as a State Trooper in Dunbar, West Virginia. (ECF No. 2). The summonses were issued by the Clerk and returned to Leonard Harview on Deegan's behalf. (*Id.*) Thus, it appeared that, in addition to a writ of habeas corpus, Deegan was attempting to sue "Magistrate Robin Williams" and "Trooper Kevin Williams."

On October 8, 2015, Leonard Frank Harview ("Harview"), on behalf of Deegan, filed a document titled "Amended Complaint;" however, this document appears to be simply a copy of Exhibit B submitted with the initial petition/complaint with the addition of the style of the case and the words "Amended Complaint" hand-written thereon. (ECF No. 4). The second page of the "Amended Complaint" also includes a "Certificate of Service" which states that, by presenting the "Amended Complaint" for filing and uploading to the CM/ECF system, the Clerk of Courts would send notification of such filing to West Virginia State Trooper Kevin Williams in Dunbar, West Virginia, Magistrate Robin Waters in Parkersburg, West Virginia, and Judge John T. Copenhaver, Jr., the presiding District Judge. (*Id.* at 2). On that same date, the Clerk re-issued

---

3  This documentation causes immediate confusion because Deegan refers to both a writ of habeas corpus, for which relief is generally limited to release from custody, and claimed constitutional and civil rights violations, which he apparently seeks to pursue under various sections of Title 42, which are not actionable through a habeas corpus proceeding. Deegan also paid a $400 filing fee, which is applicable to a civil rights complaint, and is not applicable to a petition for a writ of habeas corpus, which has a $5 filing fee.

summonses for "West Virginia State Trooper Kevin Williams" and "Magistrate Robin Waters" which were again returned to Harview for service. (ECF No. 5).

On October 9, 2015, Harview, on Deegan's behalf, filed a return of service indicating that the summons for Magistrate Robin Waters had been returned unexecuted, and further asserting that there had been a violation of 18 U.S.C. § 1501 (obstruction of justice) and assault on a process server, and that he attempted to mail the summons to Robin Waters by first class mail. (ECF No. 7). Harview also filed a return of service indicating that the summons for State Trooper Kevin Williams had been personally served on Williams October 8, 2015. (ECF No. 8).

Also on October 9, 2015, Harview, on Deegan's behalf, filed another "Amended Complaint," which also includes the title "Criminal Complaint Affidavit," and appears to assert a claim under 18 U.S.C. § 1501 alleging obstruction of service of process and assault on a process server, but does not state against whom such claim was being brought or what relief was being sought. (ECF No. 9). This second "Amended Complaint" alleges that, on October 8, 2015, Harview and Alicia Lutz-Rolow attempted to personally serve the summons for Magistrate Robin Waters at her place of employment, the Wood County Justice Center, and were met with hostile reactions by court employees and denied access to Magistrate Waters.[4]

On October 28, 2015, attorneys Teresa Lyons and John Hedges, of Hedges & Lyons, filed Notices of Appearance on behalf of Robin Waters, and Robin Waters and Kevin Williams were added to the docket sheet as "interested parties." (ECF Nos. 13 and 14).

---

4  To the extent that this "Second Amended Complaint" can be considered an operative document in this matter, the undersigned notes that 18 U.S.C. § 1501 is a federal criminal statute which does not give rise to a private right of action. *See Townsend v. Dordofsky*, No. 1:13-cv-1603MAD/ATB, 2014 WL 1572884, *6-7 (N.D.N.Y. Apr. 18, 2014); *Moore v. Kentucky*, No. 4:10-cv-67-M, 2010 WL 3505173, *4 (W.D. Ky. Aug. 31, 2010). Only the United States Attorney may initiate charges under this statute. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the "Second Amended Complaint" fails to state a claim upon which relief can be granted and should be dismissed.

4

On October 29, 2015, Kevin Williams, by counsel, Virginia Grottendieck, State Police Legal Counsel, filed a "Response to the Petition for Writ of Habeas Corpus." (ECF No. 15). The Response asserts that Williams is clearly not the correct party with regard to any writ of habeas corpus, as he is not Deegan's custodian. The Response further states:

> As to any allegations of liability, pursuant to Rule 12 of the Rules of Civil Procedure, Defendant Williams moves the Court to dismiss these allegations for failure to state a claim upon which relief can be granted.
>
> Plaintiff's Petition lacks any substantive factual allegations pertaining to Trooper First Class Kevin M. Williams ("Defendant"), or the West Virginia State Police. Instead, his filings consist of rambling, conclusory allegations, devoid of any facts or context that relate to the Defendant. Plaintiff claims a violation of his civil rights yet does not state any facts as to how Defendant Williams, or anyone, violated his civil rights nor does he request damages for the same.
>
> Plaintiff is not in federal custody, nor has he been sentenced. He is currently a pretrial detainee in North Central Regional Jail, a state correctional facility located in Greenwood, West Virginia. Plaintiff did not use the required forms, answer all required questions or submit supporting documents for a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Plaintiff has not made any allegations against Trooper First Class Kevin M. Williams in any of his filings.
>
> WHEREFORE, because Plaintiff's filings neither make sense nor do they pertain to any authority Defendant Williams has, Trooper First Class Kevin Williams respectfully requests that this matter be dismissed or in the alternative that Kevin M. Williams be dismissed as a party to the action with prejudice.

(ECF No. 15 at 1-2).

On November 2, 2015, the Clerk docketed a "Proof of Service and Affidavit" indicating that Magistrate Robin Waters had been personally served at the Wood County Justice Center on October 24, 2015. (ECF No. 16). On November 3, 2015, Robin Waters, by counsel, Teresa J, Lyons and Stephanie L. Mascella, of Hedges & Lyons, filed a Motion to Dismiss (ECF No. 17) and a Memorandum of Law in support thereof (ECF No. 18). The Motion and Memorandum of Law clarify much of the background concerning Deegan's criminal proceedings and incarceration.

5

According to the Memorandum of Law, on September 23, 2015, Deegan was charged with threats to commit a terrorist act in violation of West Virginia Code § 61-6-24(b). (ECF No. 18 at 2; *see also* Crim. Compl., ECF No. 17, Ex. 1).[5] In accordance with state rules of criminal procedure, Magistrate Robin Waters reviewed the criminal complaint, found probable cause to conclude that Deegan committed the crime of terroristic threats, and issued an arrest warrant for Deegan. (*Id.* at 2; s*ee also* Warrant, ECF No. 17, Ex. 2). On September 23, 2015, Deegan was arrested and brought before Magistrate Waters for an initial appearance where she set a cash bond. (*Id.* at 3; *see also* Initial Appearance: Rights Statement, ECF No. 17, Ex. 3, and Crim. Bail Agreement, ECF No. 17, Ex. 4).

On October 15, 2015, Magistrate Waters conducted a preliminary hearing, during which Deegan submitted a motion in which he refused to accept counsel. (*Id.* at 3; s*ee also* Motion, ECF No. 17, Ex. 5). Magistrate Waters ruled that standby counsel would be made available to Deegan. (*Id.*) At the conclusion of the hearing, Magistrate Waters bound the case over to the Circuit Court of Wood County for further proceedings. (*Id.*; s*ee also* Crim. J. Order, ECF No. 17, Ex. 6).

Waters' Motion and Memorandum assert that Deegan's claims should be dismissed under the *Younger* abstention doctrine (*see Younger v. Harris*, 401 U.S. 37 (1971) addressed *infra* at pages 8-9), and because he had not exhausted available state court remedies prior to filing the instant petition. Waters further asserts that she is not a proper respondent to a habeas corpus

---

5 The state court documents attached as exhibits to Waters' motion are largely illegible. However, as noted in Waters' Memorandum of Law, Deegan is a self-proclaimed Sovereign Citizen and the criminal complaint alleged that Deegan engaged in conference calls from his home in Wood County, West Virginia, during which he solicited other Sovereign Citizens to assist in the removal of several government officials from their offices in Charleston, West Virginia, after which they would assume control of those offices and charge the former officials with treason. He allegedly stated that any resistance to this attempt to overthrow the government should be met with gunfire. Deegan allegedly encouraged those interested in assisting him to organize at the State Capitol, the West Virginia State Police, the Kanawha County Sheriff's Department, and the West Virginia National Guard on September 24, 2015. (ECF No. 18 at 3-4).

final

petition because she is not Deegan's custodian, and that this court lacks jurisdiction to consider Deegan's habeas corpus petition because he was incarcerated in Doddridge County in the Northern District of West Virginia. Waters further asserts that, to the extent that any claim for damages could be inferred from Deegan's pleadings, she is absolutely immune from the same based upon the doctrine of judicial immunity. Finally, Waters asserts that Deegan was provided with all of the constitutional protections afforded to West Virginia criminal defendants and, thus, his petition/complaint lacks merit.

On November 16, 2015, Deegan filed a convoluted document which the Clerk docketed as a motion for default judgment for release of petitioner and to dismiss any claims against Robin Waters and Kevin Williams with prejudice. (ECF No. 19). The motion appears to assert that a default judgment should be granted ordering Deegan's immediate release from custody because the West Virginia Attorney General failed to respond to his habeas corpus petition. The motion further states in pertinent part:

> Whereas Robin Waters and Kevin Williams are not counsel for the STATE OF WEST VIRGINIA and therefore cannot be answer for the defendant. Therefore, I, the plaintiff do hereby dismiss any claim against both with prejudice . . . .

(ECF No. 19 at 1).

On April 29, 2016, Robin Waters, by counsel, filed a Reply to her Motion to Dismiss (ECF No. 20), in which she asserts that Deegan's habeas corpus petition should now be dismissed because he has been convicted by a jury of making terrorist threats and violating his home confinement in the Circuit Court of Wood County and, on April 14, 2016, he was sentenced to two consecutive terms of imprisonment. (*See* Order, ECF No. 20, Ex. A). Thus, she asserts that there is no longer any basis to challenge his pre-trial detention. Waters further reiterates her bases for

her dismissal as previously set forth in her Motion to Dismiss.  (*Id.*)

## ANALYSIS

**A.    Deegan's habeas corpus petition.**

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  This court is unable to grant Deegan his requested relief under 28 U.S.C. § 2241 for several reasons.  First, a pre-trial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), as Deegan did here, but only *after* fully exhausting the available state remedies.  Although section 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary prior to filing a section 2241 petition in federal court.  *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975).

Deegan had and still has remaining avenues in the state court to address any claims that he is being unlawfully detained – *i.e.*, challenges to the charges in the underlying criminal proceeding, as well as the opportunity to file a direct appeal, and (if necessary) an application for post-conviction relief and appeal therefrom in the state courts.  *See Galloway v. Stephens*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.")

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37, 44 (1971).  Under the *Younger* abstention doctrine, interests of comity and federalism counsel federal

8

courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).

The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). The petitioner's case certainly meets these three criteria.

Most significantly now, however, it appears that any habeas corpus proceeding challenging Deegan's pre-trial confinement is now moot in light of his conviction and sentencing. The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

In the instant case, Deegan is still incarcerated, but he is now in custody as a convicted and sentenced felon. Thus, the specific issue of whether Deegan's pretrial detention was unlawful is now moot. Although Deegan may ultimately be able to pursue habeas corpus relief concerning his conviction and sentence in this court under 28 U.S.C. § 2254 (the statute applicable to applications for a writ of habeas corpus sought by a person in custody pursuant to the judgment of a state court), he may not do so unless and until he has exhausted all available state court remedies, as discussed above.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Deegan's Petition for a Writ of Habeas Corpus should be denied as moot and dismissed.

### B. Deegan's Motion for Default Judgment and any claims against the State of West Virginia.

In spite of the recommended dismissal of Deegan's habeas corpus petition, the undersigned will address Deegan's Motion for Default Judgment (ECF No. 19-1) in which he requests his immediate release from custody on the basis that the West Virginia Attorney General purportedly failed to respond to his petition. The court can quickly dispose of this motion because the Attorney General was under no legal obligation to respond to the petition at the time Deegan filed the motion. Section 2243 of Title 28 provides as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243. In the instant matter, the undersigned had not issued an order to show cause because it was apparent, even before Deegan's conviction, that he was not entitled to the relief sought in his petition. Deegan's motion appears to contend that West Virginia Attorney General

10

Patrick Morrisey was served with process on or about October 6, 2015, and failed to respond in any way.

First, summonses are not issued for habeas corpus petitions. As noted above, the trigger requiring the respondent in a section 2241 habeas corpus proceeding to act is either the awarding of a writ by the court or the court's issuance of an order to show cause why the writ should not be issued. Neither of those things occurred herein. Second, to the extent that Deegan's alternative allegations that his constitutional and civil rights have been violated under 42 U.S.C. §§ 1983, 1985, 1986 and 1987 can be construed as claims brought against the State of West Virginia, there is no documentary evidence of the submission, issuance and service of a summons for the State of West Virginia that would trigger the obligation to respond to those allegations. Moreover, there is no viable civil rights claim against the State of West Virginia.

The Eleventh Amendment bars a lawsuit against a State unless the state has waived its immunity to suit in federal court or Congress has abrogated the state's immunity. *Kim v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). In the absence of consent, a suit in which a state or one of its agencies or departments is named as a defendant is proscribed by the Eleventh Amendment, regardless of the nature of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). The undersigned has not located any authority demonstrating an express abrogation or waiver of Eleventh Amendment immunity under the civil rights statutes cited in Deegan's petition/complaint documents, or any authority demonstrating that the State of West Virginia has consented to suit thereunder. Thus, the undersigned proposes that the presiding District Judge **FIND** that any civil rights claims brought by Deegan against the State of West Virginia are barred by the Eleventh Amendment.

C.  **The petitioner's claims against Waters and Williams.**

Waters and Williams are not Deegan's custodians. Thus, they are not proper respondents to his habeas corpus petition, which has been recommended for dismissal on various grounds, as addressed *supra*.

To the extent that Deegan, instead, sought to bring claims against Waters and Williams under 42 U.S.C. §§ 1983, 1985, 1986 or 1987 for alleged violations of his constitutional or civil rights, and served them with process, the undersigned notes that his petition/complaint documents contain no specific allegations against those individuals and, at any rate, there are presently no viable civil rights claims against those individuals.

According to the responsive pleadings filed by Williams and Waters, Magistrate Waters presided over Deegan's initial state criminal proceedings and Williams was the complaining officer in the underlying state criminal case. (ECF No. 18 at 2). The allegations contained in Deegan's pleadings, liberally construed, are clearly challenging the legality of his criminal proceedings, which are still on-going.[6] Moreover, to the extent that Deegan seeks injunctive relief in the form of his immediate release from custody, which is equivalent to a writ of habeas corpus, he has not exhausted such remedies through the available state courts as required.

Moreover, although not specified in the petition/complaint, if Deegan seeks monetary damages under the civil rights statutes cited therein, he is barred from seeking such relief unless and until his criminal conviction has been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 786-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly

---

6  Although it appears that Deegan has now been convicted and sentenced, he still has the opportunity for appellate review by the SCAWV. Thus, his state judicial proceedings are considered to be on-going. Therefore, any claims concerning the constitutionality of his criminal proceedings may and must first be addressed by the state courts.

12

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983.

Deegan has now filed a motion in which he agrees that there is no basis for liability against defendants Waters and Williams and he has requested that they be dismissed with prejudice. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Deegan's documents fail to state a viable claim against either Robin Waters or Kevin Williams and that Deegan's request for their dismissal with prejudice is warranted.

### RECOMMENDATIONS

For the reasons stated herein, it is respectfully **RECOMMENDED** that Deegan's Motion to Dismiss Robin Waters and Kevin Williams With Prejudice (ECF No. 19-2) be **GRANTED**. It is also respectfully **RECOMMENDED** that the Motion to Dismiss filed by Robin Waters (ECF No. 17) and the request for dismissal made by Kevin Williams in his Response to Petition for Writ of Habeas Corpus (ECF No. 15) be **DENIED AS MOOT**. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** Deegan's Motion for Default Judgment (ECF No. 19-1), **DENY AS MOOT** Deegan's Petition for a Writ of Habeas Corpus (ECF No. 1), **DISMISS** the Complaint and Amended Complaints (ECF Nos. 1, 4 and 9) for failure to state a claim upon which relief can be granted, and **DISMISS** this civil action from the docket

of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the petitioner/plaintiff, and to transmit a copy to counsel of record.

August 17, 2016

Dwane L. Tinsley
United States Magistrate Judge