UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

THOMAS DAVID DEEGAN,

    Petitioner/Plaintiff,

v.                          CIVIL ACTION NO. 2:15-13638

STATE OF WEST VIRGINIA, et al.,
MAGISTRATE ROBIN WATERS, and
KEVIN WILLIAMS, West Virginia
State Trooper

    Defendants


MEMORANDUM OPINION AND ORDER

      Plaintiff Thomas David Deegan, filed, <u>pro se</u>, a series of documents with the court in October 2015 seeking a writ of habeas corpus and asserting a variety of other constitutional and civil rights violations.

      The matter was referred to Dwane L. Tinsley, United States Magistrate Judge, who has submitted his Proposed Findings and Recommendations ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1). The PF&R recommended the dismissal of Wood County Magistrate Robin Waters and State Trooper Kevin Williams pursuant to a motion by plaintiff (ECF No. 19-2), and, further, as improper parties to plaintiff's habeas claim; and dismissal of any remaining claims against them for failure to state a

claim.  The PF&R further recommended that plaintiff's habeas petition be denied as moot, on grounds that plaintiff, who sought relief under 28 U.S.C. § 2241(c)(3), had subsequently been convicted and sentenced.  To the extent that plaintiff's petition could be construed as a claim for post-conviction relief under 28 U.S.C. § 2254, the PF&R recommended the claim be denied for failure to exhaust all available state court remedies.  Regarding the remaining purported civil rights claims asserted by plaintiff, the PF&R recommended dismissal for failure to state a claim upon which relief could be granted.

The plaintiff filed objections to the Magistrate Judge's PF&R on September 19, 2016.  The plaintiff's filings include a seventeen-page list of grievances.  However, the bulk of the list submitted by plaintiff fails entirely to address the content of the PF&R.  Instead, it contains a lengthy and repeated disagreement with the authority and jurisdiction of the governments of the State of West Virginia and the United States.  The plaintiff's objections are deemed to be generally non-responsive;[1] however, construing the filing liberally, as the

---

[1] Plaintiff's filing also included a cover page, and a copy of the PF&R. On each page of these plaintiff has written "Refused for cause [without] dishonor." The cover-page also includes an extensive list of Bible verses, and purports to incorporate all other "papers" by plaintiff into his objections.  To the extent these are "objections," the court similarly considers them non-responsive.

court must for pro se filings, see Noble v. Barnett, 24 F. 3d 582, 587 n.6 (4th Cir. 1994), the court notes two substantive objections regarding plaintiff's motion for default and the dismissal of Magistrate Waters and Williams.

First, plaintiff asserts that he never signed his initial appearance, rights statement, or criminal bail agreement. See ECF No. 23, pg. 31. Even assuming these were grounds for issuance of a writ, plaintiff must first exhaust his remedies in state court. See 28 U.S.C. § 2254.

Plaintiff seeks a default judgment on his habeas petition on the grounds that the West Virginia Attorney General failed to respond. Plaintiff's habeas corpus petition named "State of West Virginia, et al" as defendants, and summons were served upon West Virginia State Trooper Kevin Williams and Magistrate Robin Waters. Attorneys Teresa Lyon and John Hedges filed Notices of Appearance on behalf of Magistrate Waters and Williams. Waters and Williams were added to the docket sheet as "interested parties" and responded to plaintiff's petition by asserting that they were not proper parties to the plaintiff's habeas petition. Plaintiff subsequently filed a motion for default judgment, arguing that Williams and Woods could not appear on behalf of the state, and asserting that the West Virginia Attorney General's failure to respond entitled

plaintiff to default judgment. Relatedly, plaintiff moved to dismiss with prejudice Williams and Woods as defendants.

The PF&R recommended dismissal of plaintiff's default judgment on the grounds that the West Virginia Attorney General was under no legal obligation to respond to the petition filed by plaintiff, in that: 1) the court had not entered a show cause order, pursuant to 28 U.S.C. § 2243, that would trigger any duty to respond; 2) to the extent that plaintiff's motion for default could be construed to apply to his other civil rights claims, there was no evidence of the issuance of a summons; and 3) Plaintiff's suit was barred by the Eleventh Amendment.

Plaintiff objects to the dismissal of his motion for default, but fails to offer grounds for his objection. Rather, he summarily asserts that "An Attorney General is the proper party to serve," see ECF No. 23, pg. 31, and that Williams and Waters "had no authority to act as counsel for the State of West Virginia," see id. at pg. 32. Having considered the matter, the court agrees with the magistrate judge's determination that the West Virginia Attorney General was under no duty to respond, and thus plaintiff was not entitled to default. Relatedly, to the extent that plaintiff's objections suggest that Williams and Waters are still proper defendants, see id. ("In no way did I state Williams and Waters had no liability, I stated they had no

authority to act as counsel for the [state]"), the court agrees with and adopts the magistrate's conclusion that Williams and Waters were not proper defendants.

Having reviewed the matter de novo, and concluding that the objections lack merit, the court ORDERS as follows:

1. The PF&R shall be, and it hereby is, adopted and incorporated herein;
2. Plaintiff's motion to dismiss Magistrate Waters and Kevin Williams with prejudice (ECF No. 19-2) is granted.
3. Magistrate Robin Waters's Motion to Dismiss (ECF No. 17) and Kevin Williams' request for dismissal made in Response to Petition for Writ of Habeas Corpus (ECF No. 15) are denied as moot.
4. Plaintiff's Petition for a Writ of Habeas Corpus (ECF No. 1) is denied as moot. To the extent plaintiff seeks relief under 28 U.S.C. § 2254, the Petition is denied.
5. Plaintiff's motion for default judgment (ECF No. 19-1) is denied.
6. Plaintiff's remaining claims (ECF No. 1,4, and 9) are dismissed.

The Clerk is directed to forward copies of this order to all parties.

DATED: September 30, 2016

John T. Copenhaver, Jr.
United States District Judge